.PULVER. *vs.* HARRIS.

Where, on the trial of an action for assault and battery, the jury, upon the
whole charge of the judge, were left to consider a charge of false swearing,
made by the defendant, against the plaintiff, at the time of the assault, one
of the circumstances to enhance the damages; *it was held* that this was erro-
neous, and for such error a new trial was granted.

APPEAL, by the defendant, from a judgment entered
upon the verdict of a jury.

This action was brought to recover damages for an al-
leged assault and battery by the defendant, upon the plain-
tiff. The complaint contained two counts. The first count
alleged an assault and battery committed on the 15th day
of June, 1869, and the second count alleged an assault and
battery committed on the 17th day of October, 1869. Both
parties were sworn, and testified on their own behalf, on
the trial.

As to the first alleged assault and battery, the plaintiff
testified to its occurrence, and the defendant contradicted
it; and as to the second alleged assault and battery, both
testified, and contradicted each other, on several material
points. The plaintiff testified as to the first alleged cause
of action, among other things, as follows: "He (the de-
fendant) told me I had sworn to a lie in a suit at Schuy-
lerville. I told him I hadn't." And in regard to what

Pulver *v.* Harris.

occurred at the time of the second transaction, the plaintiff testified, among other things, as follows: "The defendant said I had sworn to a lie at Schuylerville; I told him I hadn't; that he had accused me of that before, and I wished him to stop it." As to the first alleged occurrence, testified to by the plaintiff, the defendant flatly denied the whole of the plaintiff's statement in regard to it. As to the second alleged occurrence, the defendant testified, among other things, that "he did accuse the plaintiff of having previously sworn to a lie, at Schuylerville." It appeared in evidence that the several charges above mentioned, that the plaintiff had sworn to a lie at Schuylerville, had reference to the testimony of the plaintiff given on the trial of a certain cause pending in a court of a justice of the peace at that place, in which the plaintiff was called and duly sworn as a witness.

The above cited evidence is all there was in the case as to the charge made by the defendant against the plaintiff, that the latter had sworn to a lie at Schuylerville; and it is stated therein, that "there was no evidence offered, on either side, as to whether the plaintiff swore truly or falsely at Schuylerville." The judge charged the jury, in reference to this accusation of false swearing, made by the defendant against the plaintiff, as follows: "The substance of the transaction is this: The plaintiff had been a witness in a suit between his employer and some member of the Harris family; he had sworn upon that trial; he had testified to the truth, and nothing but the truth, and you will so take it, because it is proved he was sworn, and no man has testified, or dare testify, that he swore to an untruth. You will start with the presumption and the facts established, that upon that trial the plaintiff swore to nothing but the truth, varying from it not one jot or tittle." Again, the judge charged, "that without any provocation, he (the defendant) charges the plaintiff with having committed perjury; charges a man who has sworn to nothing

but the truth, and against whom the charge had no foundation, and I so charge you, with having sworn to a lie in a court of justice; and what does the plaintiff do? knock him down on the spot?" And again, "he (the plaintiff) simply says, I did not. swear to a lie; and that was true, and what Harris said was false, and I so charge you that it was, and you will so take it. He lied to the plaintiff in the most insulting manner he could, and yet the plaintiff was quiet and composed as any man could be, and simply said, 'I did not swear to a lie.'" Again: "Beyond that, if you think that this defendant was vindictive, that he was ungentlemanly and unjust in making this foul charge upon the plaintiff, * * * perhaps you may give punitive damages, going beyond the actual amount which this man has lost." The defendant's counsel excepted to so much of the charge as stated that the jury were to assume that what the plaintiff swore to on that trial was true, inasmuch as no one was produced to state that it was untrue. The court remarked: "I will leave out that last part. The jury will regard me as charging that the plaintiff's testimony upon that trial was true." The defendant's counsel excepted; also to so much of the charge as stated the defendant lied to him in the most insulting manner. The court remarked: "I will alter that word lie; I will say that the defendant, in charging the plaintiff with swearing falsely, told a gross untruth." The defendant's counsel excepted. He also excepted to so much of the charge as stated a foundation for punitive damages. The court remarked: "I do not mean that the jury are to give damages for the charge; but they will take into consideration all the circumstances of that interview. I charge the jury that they cannot give damages for his saying "you swear falsely."

The defendant's counsel asked the court to charge the jury as follows:

1st. That the jury are not authorized to find whether

---

Pulver *v.* Harris.

---

the plaintiff was innocent or guilty of the charge of having sworn falsely in the suit referred to by the defendant in his conversation with the plaintiff. The court remarked: "I so charge; but I also charge that you will proceed in the determination of this case upon the basis that the plaintiff swore to nothing but the truth." The defendant's counsel excepted.

2d. That the issue in this case does not include the question whether the charge that the plaintiff swore false was true or not, and the defendant could not properly have proved the truth of the charge in this case, and that such evidence was inadmissible. The court remarked: "I do so charge; but as it has been given in evidence without objection, you will take the whole evidence into consideration, remembering, however, what I said before, that you have no right to give damages for the unjust charge." The defendant's counsel excepted.

3d. That the jury cannot assume in this case that the plaintiff swore falsely or truly in that case. The court remarked: "I decline so to charge, and charge that you will assume in this case the fact to be that the plaintiff did not swear falsely." The defendant's counsel excepted.

The jury found a verdict in favor of the plaintiff, for $600.

*A. Pond,* for the appellant.

I. The charge of the judge, that the jury must assume, in entering upon the consideration of the case, that the defendant "lied," or in the modified phrase of the judge, "told a gross untruth," in charging the plaintiff with having sworn to a lie at Schuylerville, was palpably erroneous, and necessarily calculated to injure the defendant.

The question whether the charge made by the defendant against the plaintiff, that the latter had sworn falsely in the suit at Schuylerville, was true or false, was not in issue in this action at all, and there was no evidence given

upon the subject, one way or the other, in the case. The positive and express charge of the judge to the jury, there-fore, that they must assume, and take it for granted, in entering upon the consideration of the case, that the de-fendant had "lied" to the plaintiff "in the most insulting manner," in making the charge, was wholly unwarranted. If the defendant had offered evidence to prove the truth of the charge that the plaintiff swore falsely at Schuyler-ville, it would have been inadmissible, for the reason that it was too remote; and also because, if the defendant had been allowed to introduce such evidence, the plaintiff would then have had a right to furnish evidence tending to prove that he testified to nothing but the truth; "and thus an inquiry wholly different from the one on the record, would be gone into, diverting and distracting the attention of the jury." (*Per Spencer, Ch. J., in Lee* v. *Woolsey*, 19 *John.* 321. *And see Corning* v. *Corning*, 2 *Seld.* 97, 103; *Willis* v. *Forrest*, 2 *Duer*, 310; *Avery* v. *Ray*, 1 *Mass.* 12; *Ellsworth* v. *Thompson*, 13 *Wend.* 663; *Mowry* v. *Smith*, 9 *Allen*, 67.)

II. There being no evidence in the case, therefore, as to the truth or falsity of the charge made by the defendant against the plaintiff, that the latter had sworn falsely, the charge of the judge to the jury, in the absence of such evidence, that they must assume that the defendant "lied," was palpably erroneous. It was, in effect, an impeach-ment, by the judge, of the character of the defendant for veracity, which could not fail to influence the jury in con-sidering the question as to the relative weight they would attribute to the evidence of the parties respectively, and especially where, as in this case, they contradicted each other. In relation to the first count, or cause of action, stated in the complaint, which, if proved, was the most serious one of the two, there was no evidence, except that which came from the parties themselves; and they flatly contradicted each other. If the jury should give the same

Pulver *v.* Harris.

credit to the evidence of the defendant, which they would to that of the plaintiff, the evidence would be balanced, and the latter could not recover on the first count, under these circumstances. The judge told the jury that they must first assume that the defendant "lied" to the plaintiff, in the most insulting manner, in making the foul charge he did against the latter. This was virtually telling the jury that the defendant was a "liar," and that "the truth was not in him," while the judge, at the same time, told the jury that the plaintiff was "a young man of good character, peaceful, quiet and orderly," who "had sworn upon that trial, and had testified to the truth, and nothing but the truth, and you will so take it, because it is proved he was sworn, and no man has testified, or dare testify, that he swore to an untruth." The effect of this charge was, to take away from the jury, to whom it legitimately belonged, the entire question of the credibility of these parties arising upon the whole evidence in the case; and at the arbitrary and sole dictation and direction of the judge, the jury were virtually told that they must assume, in considering the case, and such was the fact, that the defendant was a liar, and the plaintiff an honest and truth telling man. And this, too, on a question, as has been shown, not in the case at all, and in regard to which no evidence had been given by either party. Now had the judge simply submitted the question to the jury, whether the plaintiff testified falsely or truly, at Schuylerville, and the jury had found one way or the other upon it, it would have been error, because there was no evidence upon the subject in the case; and it is well settled that it is erroneous for a judge to submit a question to the jury in regard to which there is no evidence. (*Small* v. *Smith*, 1 *Denio*, 583. *Gale* v. *Wells*, 12 *Barb*. 84.) It must be equally erroneous for the judge peremptorily to direct the jury to assume as true, and find a fact, in regard to which which there is no evidence, as the judge did in this case.

III. The charge of the judge being erroneous for the reasons stated, it was *prima facie* injurious to the defendant, and a new trial should be granted. (*Greene* v. *White*, 37 *N. Y.* 405.)

IV. But the effect of the charge was necessarily injurious to the defendant. The case was one where the evidence was very conflicting in regard to both counts or causes of action set up in the complaint. But in regard to the cause of action set up in the first count, there was no evidence except that which came from the parties themselves, and they flatly contradicted each other. If the jury gave credit to the plaintiff's version, and rejected the defendant's statement, in regard to that matter, the plaintiff was entitled to a verdict on that account; while, on the other hand, if the jury disbelieved the plaintiff's evidence, or even gave equal credit to the statement of the defendant, in regard to this alleged cause of action in this case, the evidence would be balanced, and the plaintiff must fail. Now, under such circumstances, with the case so nicely balanced, had the judge admitted evidence in the case, against objection, to show that the defendant had lied, and thereby allowed the plaintiff to thus improperly impeach his character for truth and veracity, it would have been error, and the verdict would, for that reason, be set aside. (*Wilson* v. *Wilson*, 4 *Keyes*, 413. *Battin* v. *Healey*, 36 *How.* 346.) It must be equally fatal to the verdict, for the judge to charge the jury, as in this case, without any evidence to that effect, that the defendant "lied" to the plaintiff "in the most insulting manner," and that they must so take it, in considering the case. In short, the charge was very objectionable, not only in particulars pointed out, but also in its entire scope and and bearing; and the verdict which it produced should be set aside, and a new trial granted, and the defendant allowed a reasonably fair chance before an impartial jury, and one unprejudiced by such an extraordinary charge.

Pulver *v.* Harris.

*J. P. Butler*, for the respondent.

I. The slanderous allegations made by the defendant, "You swore to a lie in a suit at Schuylerville," was the origin of the difficulty between the parties, and was given in evidence as a portion of the transaction, without objection. It really characterized the conduct of the defendant as malicious, and stamped the whole transaction as wicked and cruel. The allegation had reference to testimony given in an action pending in a court. The charge was, that the plaintiff had committed perjury in giving testimony in such action.

II. The judge in charging the jury, assumed that the defendant's statement was false, and the testimony of the plaintiff true. This was precisely what the law presumed; and on this trial neither fact could be proved or disproved. The case was controlled by the law's presumption, and both parties had to abide its result. It would have been incompetent for the defendant to prove the truth of his words; and equally incompetent and unnecessary for the plaintiff to prove, by testimony, their falsity. As the issues were framed in this case, the general presumption of law was conclusive on both parties. Parties may treat as true, or false, what the law presumes, and such is the duty of the court.

III. The charge of the judge, on this point, as modified, simply recognized this presumption of law. These words characterized the subsequent acts of violence, on the part of the defendant, as vindictive, and entitled him to punitive damages.

IV. The judge charged the jury that they had "no right to give damages for the unjust charge," and that they could not give damages for his saying "you swore falsely." Undoubtedly the plaintiff could not recover in this action of assault and battery, as for slanderous words; and this ruling fully met every possible objection open to the defendant. With this modification of the charge, there

could be no possible injury to the defendant. (11 *Barb.*
241. 16 *id.* 386. 2 *Comst.* 193.) And the court will dis-
regard it, on this motion for a new trial.

PER CURIAM. Upon the whole charge, the jury were
left to consider the charge of false swearing one of the
circumstances to enhance the damages. For this error
of the court, the judgment must be reversed, and a new
trial granted, with costs to abide the event.

New trial granted.

[THIRD DEPARTMENT, GENERAL TERM, at Schenectady, November 14, 1871.
*Miller*, P. J., and *Parker* and *Daniels*, Justices.]